# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOAO BOCK TRANSACTION SYSTEMS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> BARRINGTON BANK & TRUST COMPANY, N. A., AMERICAN CHARTERED BANK, BRIDGEVIEW BANK GROUP, CENTRUE BANK, CITIZENS FIRST NATIONAL BANK, FIRST AMERICAN BANK, NORTHBROOK BANK AND TRUST COMPANY, F/K/A FIRST CHICAGO BANK & TRUST, BMO HARRIS BANK N.A., HINSDALE BANK & TRUST COMPANY, INLAND BANK & TRUST, LAKE FOREST BANK AND TRUST COMPANY, LIBERTYVILLE BANK & TRUST COMPANY, NORTH SHORE COMMUNITY BANK & TRUST COMPANY, THE NATIONAL BANK, WEST SUBURBAN BANK, ASSOCIATED BANK, N.A., FIRST NATIONAL BANK AND TRUST COMPANY, FIFTH THIRD BANK, AND U.S. BANK NATIONAL ASSOCIATION <br><br> Defendants. | CIVIL ACTION NO. 1:11-CV-06472 <br><br> **Judge Harry D. Leinenweber** <br><br> **PLAINTIFF'S MOTION TO COMPEL INLAND BANK & TRUST TO RESPOND TO PLAINTIFF'S DISCOVERY REQUESTS AND PRODUCE DOCUMENTS** |

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ iii
I.   INTRODUCTION ..................................................................................................... 1
II.  FACTUAL BACKGROUND..................................................................................... 1
III. LEGAL STANDARD................................................................................................. 4
IV.  ARGUMENT .............................................................................................................. 5
   1. Inland Bank Has Not Met the Requirements of LPR 2.1(b)................................. 5
   2. Plaintiff's Request to Produce Documents and Inland's Responses ................... 6
      a. JBTS Document Request Nos. 18, 20, 21, 22, 23, 28, 29, 30, and 36 ............ 7
      b. JBTS Document Request No. 26, 34............................................................... 7
      c. JBTS Document Request Nos. 27, 37 ............................................................. 9
   3. Plaintiff's Common Interrogatories and Inland's Answers ............................... 11
V.   CONCLUSION ........................................................................................................ 13

## TABLE OF AUTHORITIES

**Cases**

*Meyer v. Southern Pacific Lines,* 199 F.R.D. 610 (N.D.Ill.2001) ................................................. 7
*Rubin v. Islamic Republic of Iran,* 349 F.Supp.2d 1108 (N.D.Ill.2004) ................................... 7, 8
*Tice v. American Airlines, Inc.,* 192 F.R.D. 270 (N.D.Ill.2000) ............................................... 7, 8
*Wilstein v. San Tropai Condominium Master Association,* 189 F.R.D. 371 (N.D.Ill.1999) .......... 7

**Rules**

Fed.R.Civ.P. 26(b)(1) .................................................................................................................. 7, 8
Fed.R.Civ.P. 26(e)(1)(A) ................................................................................................................ 13
Fed.R.Civ.P. 33 .............................................................................................................................. 14
Fed.R.Civ.P. 37(a)(2)-(3) ................................................................................................................. 7
Local Patent Rule 2.1 ...................................................................................................................... 5
Local Patent Rule 2.1(b)(1) ..................................................................................................... passim

# PLAINTIFF'S MOTION TO COMPEL INLAND BANK & TRUST TO RESPOND TO PLAINTIFF'S DISCOVERY REQUESTS AND PRODUCE DOCUMENTS

**I.     INTRODUCTION**

To date, Defendant Inland Bank & Trust ("Inland") has produced only twenty documents that amount to just two-hundred and nine (209) pages in this litigation. These documents were produced on February 2, 2012 in an attempt to meet its obligations under the Local Patent Rules ("LPR") 2.1. These documents are neither: (1) sufficient to show the operation and construction of products or services accused of patent infringement as required by Northern District of Illinois Local Patent Rule 2.1(b)(l), nor (2) responsive to Plaintiff's requests for production and interrogatories. Plaintiff Joao Bock Transaction Systems, LLC ("JBTS") hereby moves to compel Inland to produce all documents in its possession, custody and control response to Document Request Nos. 18, 20, 21, 22, 23, 28, 29, 30, and 36, 26 and 34, and 27 and 37. Plaintiff also moves to compel Inland to supplement its written discovery responses to confirm whether all documents have been produced, and that a full, proper and complete search was made for all Requests served to date. Finally, Plaintiff moves to compel Inland to supplement and verify its responses to Plaintiff's Interrogatory Nos. 3-6.

**II.    FACTUAL BACKGROUND**

JBTS filed this action on September 15, 2011, accusing 19 defendant banks[1] of direct and indirect infringement in connection with each defendant's use of internet banking services

---

[1] Currently, there are twelve defendants remaining in the suit: Barrington Bank & Trust Company, American Chartered Bank, Bridgeview Bank Group, First American Bank, Northbrook Bank & Trust Company F/K/A Chicago Bank & Trust, Hinsdale Bank & Trust Company, Inland Bank & Trust, Lake Forest Bank and Trust Company, Libertyville Bank & Trust Company, North Shore Community Bank & Trust Company, The National Bank, First National Bank and Trust Company. The Defendants are aligned with third party vendor providers that support the Accused Products and Services. Inland Bank & Trust, The National Bank, and First National Bank and Trust Company are represented by the law firm Perkins Coie and are indemnified by Fiserv Inc., also represented by Perkins Coie.

offered to customers including transaction notification services, and services to establish authorized users on an account with limits and controls on an individual's use of an account. *See* Complaint, Dkt. No. 1 at ¶ 27-49. On December 22, 2011, the parties met for the Rule 26(f) Conference and proposed a Joint Scheduling Order. The case is currently progressing through the Local Patent Rule requirements as set forth in the Joint Scheduling Order entered on January 23, 2012.

On February 2, 2012, Plaintiff timely served its Initial Disclosures and document production pursuant to Local Patent Rule 2.1(a)(1)-(4) and (b)(1)-(2). On the same day, Inland served JBTS with its document production pursuant to Local Patent Rule 2.1(b)(1), which consisted of: thirteen pages of marketing material from its website, correspondence with a vendor regarding its indemnification, a copy of Plaintiff's Complaint in the above-styled case, Inland Bank's organizational chart, and Inland's document retention policy. On February 16, 2012, Plaintiff served Inland with its Initial Infringement Contentions.

On February 14, Plaintiff served its First Set of Document Requests and Common Interrogatories to all Defendants. *See* Plaintiff's First Set of Requests For Production ("Document Requests"), attached hereto as Ex. "A"; and *see* Plaintiff's First Set of Common Interrogatories ("Common Interrogatories"), attached hereto as Ex. "B". On March 19, Inland served its written responses to Plaintiff's Document Requests and its written responses to Plaintiff's Common Interrogatories, but provided no additional documents at that time. *See* Inland's Responses to Plaintiff's First Set of Requests For Production, attached hereto as Ex. "C"; *see also* Inland's Response to Plaintiff's First Set of Common Interrogatories, Ex. "D". To date, Inland has produced no documents since its February 2, 2012 production.

In a letter written to Inland's counsel on July 26, Plaintiff's counsel began inquiring into deficiencies in these written discovery responses, and to determine the status of Inland document collection, review and production. (July 26 Letter attached hereto as Exhibit E.) On August 9, Inland's counsel sent an evasive response letter essentially stating that it would supplement responses that it did not already deem complete and it would supplement production of relevant documents to certain responses if needed. (August 9 Letter attached hereto as Exhibit F.) Counsel for the parties had a two hour phone call regarding this discovery dispute on August 17, 2012 and Plaintiff's counsel sent a follow-up email back to Inland's counsel confirming the subject matter discussed on the call with points of agreement and contention, and follow-up points for discussion after Inland's counsel spoke with his client. (Email attached hereto as Exhibit G.)

On September 11, 2012, Plaintiff's counsel emailed Inland's counsel regarding a status update on Inland's supplementation of discovery responses and document production. Inland's counsel notified Plaintiff's counsel the next day that he was out of town and would try and get a response within a week. Plaintiff's counsel tried to reach Inland's counsel again on September 20, 2012 for a status update and Plaintiff's counsel has received no response. On September 27, 2012, Plaintiff's counsel sent an email to Inland's counsel informing it that Plaintiff was preparing to file a motion to compel against Inland Bank. On October 4, 2012, Inland's counsel informed Plaintiff that Inland would produce documents on Monday, October 8, 2012.

To this date, Inland has not produced more than the twenty (20) documents it served on February 2, its one and only LPR 2.1(b) production. After several meet and confers, Inland, through its counsel, continues to delay and not provide any response to Plaintiff's outstanding discovery requests and demands for supplementation of written responses. Such a delay is

tantamount to a refusal to cooperate in the discovery process, and a refusal to produce the information sought by Plaintiff's requests. Plaintiff had no choice but to file this motion to compel. In view of the (i) prolonged lapse of time and delays between communications, (ii) the impending close of discovery, and (iii) necessity to timely deal with discovery deficiencies, Plaintiff hereby moves to compel Inland to address and resolve these discovery deficiencies and disputes.

### III. LEGAL STANDARD

A party may file a motion to compel discovery under Rule 37 of the Federal Rules of Civil Procedure where another party fails to respond to a discovery request or where the party's response is evasive or incomplete. Fed.R.Civ.P. 37(a)(2)-(3). The Federal Rules of Civil Procedure provide a court with broad discretion in resolving discovery disputes. *Meyer v. Southern Pacific Lines,* 199 F.R.D. 610, 611 (N.D.Ill.2001). A motion to compel discovery is granted or denied at the discretion of the trial court. *Id.* In ruling on motions to compel discovery, "courts have consistently adopted a liberal interpretation of the discovery rules." *Wilstein v. San Tropai Condominium Master Association,* 189 F.R.D. 371, 375 (N.D.Ill.1999). Under Rule 26(b)(1), "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, ... For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed.R.Civ.P. 26(b)(1). Requests for discovery are relevant if there is any possibility that the information sought may be relevant to the subject matter of the action. *Rubin v. Islamic Republic of Iran,* 349 F.Supp.2d 1108, 1111 (N.D.Ill.2004). Thus, the scope of discovery should be broad in order to aid in the search for truth. *Tice v. American Airlines, Inc.,* 192 F.R.D. 270, 272 (N.D.Ill.2000). Courts commonly look unfavorably upon significant restrictions placed upon the discovery process. *Rubin,* 349

F.Supp.2d at 1111. The burden rests upon the objecting party to show why a particular discovery request is improper. *Id*.

IV.     **ARGUMENT**

Plaintiff's requests for discovery are relevant to the Accused Products and Services, their technical nature, the individuals or entities involved in their development, implementation and use, as well as marketing and financial data relating to the Accused Products and Services. These requests are all relevant to the claims raised in this litigation, and are properly within the parameters of Federal Rule of Civil Procedure 26, the Local Rules, and the Local Patent Rules of this District Court. *Rubin*, 349 F.Supp.2d at 1111; *Tice*, 192 F.R.D. at 272. Inland has, by its actions, placed restrictions on the discovery process of this litigation. See *Rubin*, 349 F.Supp.2d at 1111. The foregoing paragraphs outline the factual bases for the discovery disputes raised herein, in support of its motion to compel discovery responses and productions from Inland.

   1.   **Inland Bank Has Not Met the Requirements of LPR 2.1(b)**

Inland has failed to comply with the requirements of Local Patent Rule 2.1(b)(1). LPR 2.1(b)(1) requires a party opposing a claim of patent infringement to produce or make available for inspection and copying:

> documents sufficient to show the operation and construction of all aspects or elements of each accused apparatus, product, device, component, process, method or other instrumentality identified with specificity in the pleading of the party asserting patent infringement.

LPR 2.1(b)(1). The Joint Scheduling Order (Dkt. No. 141) required documents under this rule to be produced on February 2, 2012. However, Inland failed to provide sufficient documents to show the operation and construction of the accused instrumentality in its initial disclosures, claiming it needed more specific or formal identification of said accused instrumentalities. While Inland and the two other defendants represented by Perkins Coie were the only

Defendants to raise this issue of not understanding what was accused of infringement, Plaintiff's counsel spoke directly with Perkins Coie counsel to address this issue. Subsequently, on March 5, 2012 and again on August 9, 2012, Plaintiff served its Initial and Final Infringement Contentions on Inland. In spite of this, Inland has not supplemented its Local Patent Rule 2.1(b)(1) production.

Pursuant to the Scheduling Order, Plaintiff provided all defendants with a reasonable number of asserted claims (14) that it planned to assert against each defendant. These claims along with Plaintiff's Infringement Contentions and the Complaint, are sufficient information to specifically identify the Accused Products and Services so that Inland is able to identify and produce documents and other information responsive to the discovery requests.

The documents requested by Plaintiff here, and mandated by Local Patent Rule 2.1(b)(1), are relevant to required elements of Plaintiff's asserted claims. Inland is not exempt from producing such documents for any reason and it should produce these technical documents immediately. The Federal Rules of Civil Procedure, the Local Rules of this District and the Local Patent Rules allow for the discovery sought by Plaintiff. The requests seek information relevant to the claims raised in this litigation. If Inland does not possess documents that demonstrate the operation, construction and technical specifications of the Accused Products, it should provide this information to Plaintiff in a written, verified response.

## 2. Plaintiff's Request to Produce Documents and Inland's Responses

In its July 26 letter, Plaintiff requested that Inland review Plaintiff's Document Requests and supplement its document production. Such a small production could hardly be considered a good faith effort to comply with its discovery obligations under the Federal Rules of Civil Procedure.

Plaintiff also requested that Inland confirm it had completed a thorough search of its files, and in the event it had no relevant or responsive documents to a specific request, it supplement its response to reflect this. Inland has done nothing to answer these simple requests.

### a. JBTS Document Request Nos. 18, 20, 21, 22, 23, 28, 29, 30, and 36

For Document Request Nos. 18, 20, 21, 22, 23, 28, 29, 30, and 36, Inland's counsel has stated on August 17, 2012 that it needs confirmation from its client that no documents exist that are responsive to these requests. These Document Requests relate generally to the design, operation, construction, commercialization, marketing and licensing of the Accused Products. To date, Plaintiff has received no verification of the existence or non-existence of responsive documents. Importantly, Document Request Nos. 18, 20, 21, 22, and 23 are all relevant to the types of documents that should have been disclosed by Inland in its LPR 2.1(b)(1) production. As it is well past the time for Inland to fully comply with LPR 2.1(b)(1), it is also time that Inland provide supplemented responses to these requests.

### b. JBTS Document Request No. 26, 34

With respect to Plaintiff's Document Request Nos. 26 and 34, Inland's counsel stated that it would supplement its response and production. Nothing has been produced to date.

> Request For Production No. 26: All documents and things regarding the marketing and advertising for the Accused Product(s) and/or Service(s) identified in Your response to Common Interrogatory No. 5 including but not limited to internal and external presentations, seminar materials, sales materials, interviews, conference and convention presentations and materials, brochures, websites, web pages, promotional materials, videos, demonstrations, advertisements, press releases, announcements, marketing materials, transcripts, public statements, market surveys, focus groups, customer feedback, and any associated analyses.
>
> Response To Request For Production No. 26: Defendant incorporates the General Objections above as if fully set forth herein. Defendant further objects to this request in that it seeks information not within Defendant's possession, custody, or control.

Defendant further objects to this request as overly broad, unduly burdensome, and seeking information that is neither relevant to any claim or defense in this case nor reasonably calculated to lead to the discovery of admissible evidence, in that the request is not limited to aspects of the accused products implicated by Plaintiff's infringement allegations. Defendant further objects to this request as vague and ambiguous with respect to the terms "interviews," "transcripts," "focus groups," and "associated analyses." Defendant further objects to this request to the extent that the information sought is publicly available and therefore as easily ascertainable by Plaintiff as by Defendant.

Subject to these specific objections and the General Objections stated above, and to the extent Defendant understands this request, Defendant agrees to produce non-privileged documents relating to its online banking services responsive to this request to the extent such documents exist within its possession, custody, or control and can be located after a reasonable search.

Request For Production No. 34: All financial documents, including documents sufficient to show annual revenue, costs, sales, and expenses sufficient to show Your accounting practice and methods for the Accused Product(s) and/or Service(s) identified in Your response to Common Interrogatory No. 5 for the time period of September 2005 to the present.

Inland's Response To Request For Production No. 34: Defendant incorporates the General Objections above as if fully set forth herein. Defendant further objects to this request as vague and ambiguous with respect to the phrase "accounting practice and methods." Defendant further objects to this Response as unduly burdensome to the extent it seeks information over and beyond what Defendant normally tracks. Defendant will provide information that it normally tracks according to the format in which it normally maintains this information. Defendant further objects to this request as overly broad, unduly burdensome, and seeking information that is neither relevant to any claim or defense in this case nor reasonably calculated to lead to the discovery of admissible evidence, in that the request purports to seek "financial information" generally that is not limited to information relating to the accused products that could feasibly be relevant to a damages analysis, including "costs" and "expenses."

Subject to these specific objections and the General Objections stated above, and to the extent Defendant understands this request, Defendant agrees to produce documents relating to cost and financial information for its online banking services to the

> extent such documents exist within its possession, custody, or control and can be located after a reasonable search.

These documents requests relate to the marketing and financial position of Inland, and are relevant to the Plaintiff's response to Inland's contention that the patent-in-suit is invalid under 35 U.S.C. §103. This information will also form part of Plaintiff's preparation for depositions, which it noticed in July. Plaintiff has held off on scheduling depositions because it has not received documents such as these and could therefore not adequately prepare.

### c. JBTS Document Request Nos. 27, 37

Plaintiff requires clarification on Inland's possession, custody or control over documents subject to Request Nos. 27 and 37. These requests and Inland's responses are set forth below.

> Request For Production No. 27: All documents and things which describe the success, benefits, features, value, cost savings and/or advantages for the Accused Product(s) and/or Service(s) identified in Your response to Common Interrogatory No. 5.
>
> Response To Request For Production No. 27: Defendant incorporates the General Objections above as if fully set forth herein. Defendant further objects to this request in that it seeks information not within Defendant's possession, custody, or control. Defendant further objects to this request as overly broad, unduly burdensome, and seeking information that is neither relevant to any claim or defense in this case nor reasonably calculated to lead to the discovery of admissible evidence, in that the request is not limited to aspects of the accused products implicated by Plaintiff's infringement allegations. Defendant further objects to this request as vague and ambiguous with respect to the terms "success," "benefits," "value," "cost savings," and "advantages." Defendant further objects to this request to the extent that the information sought is publicly available and therefore as easily ascertainable by Plaintiff as by Defendant.
>    Subject to these specific objections and the General Objections stated above, and to the extent Defendant understands this request, Defendant agrees to produce non-privileged documents relating to its online banking services responsive to this request to the extent such documents exist within its possession, custody, or control and can be located after a reasonable search.

<u>Request For Production No. 37</u>: All documents sufficient to identify current and former employees who are most knowledgeable about the basic research, formulation, development, manufacturing and distribution of the Accused Product(s) and/or Service(s) identified in Your response to Common Interrogatory No. 5, including but not limited to organizational charts.

<u>Response To Request For Production No. 27</u>: Defendant incorporates the General Objections above as if fully set forth herein. Defendant further objects that there is no way to identify the persons "most" knowledgeable about the requested topics; instead, Defendant has identified persons who may have knowledge regarding the topics specified. Defendant further objects to this request in that it seeks information not within Defendant's possession, custody, or control, to the extent it seeks the identification of former employees of Defendant. Defendant further objects to this request as vague and ambiguous with respect to the terms "basic research," "formulation," "manufacturing" and "distribution."

Subject to these to these specific objections and the General Objections stated above, and to the extent Defendant understands this request, Defendant states that it has identified employees with knowledge regarding the functionality, operation, and use of Defendant's online banking services in its Initial Disclosures. Defendant further agrees to produce additional nonprivileged documents sufficient to show Defendant's organizational structure, as relevant to the accused products, to the extent such documents exist within its possession, custody, or control and can be located after a reasonable search.

Inland claims to have no responsive documents to these Requests. For Document Request No. 35, Inland claims to have produced all responsive documents. Plaintiff requests that to the extent Inland is involved in the distribution of the Accused Products or Services – which information is sought under Document Request No. 37 – Inland should provide documents relevant to that activity. Documents sought in Request No. 27 are relevant to Plaintiff's Validity Contentions and related arguments in response to Defendants' invalidity contentions under 35 U.S.C. § 103.

Inland should be compelled to produced documents and to supplement its response to these requests to reflect that it has no responsive documents or has produced all responsive documents.

### 3. Plaintiff's Common Interrogatories and Inland's Answers

Pursuant to Rule 26(e)(1)(A) of the Federal Rules of Civil Procedure, Inland has a duty to supplement or correct its responses to Plaintiff's Common Interrogatories "in a timely manner, if [Inland] learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Furthermore, Rule 33 of the Federal Rules of Civil Procedure requires that each interrogatory "be answered separately and fully in writing under oath." After a substantial 2-hour meet and confer with Inland's counsel, it became apparent that some of Inland's responses to Plaintiff's Common Interrogatories are incomplete, and that Inland needed to provide its affirmation under oath as to the content of the responses. It is important to this case that Inland's responses to the following Common Interrogatories be supplemented and verified in accordance with the Federal Rules of Civil Procedure. Inland's Responses to the Common Interrogatories are attached in their entirety as Exhibit D.

> Interrogatory No. 2: Describe in detail all actions taken by You, from September 2005 to the present, to ensure that products purchased, advertised, marketed, distributed, promoted, used, offered to Your customers for use, and/or sold by You do not infringe any third party.

With Respect to Common Interrogatory No. 2, Inland's answer should be updated to incorporate a full and complete written response to the request. Inland's counsel has expressed that Inland has no procedure or mechanism in place by which to evaluate Inland's infringement of a third party's intellectual property rights. Inland should update its response to incorporate this information.

>Interrogatory No. 3: Identify the date, circumstances and all facts related to when and how You first became aware of Plaintiff, and/or the Patent-In-Suit.

With respect to Common Interrogatory No. 3, Inland has agreed on August 17, 2012 to supplement its response to identify the precise date and circumstances and facts relating to how it became aware of Plaintiff. Having admitted its response is incomplete, Inland should supplement immediately.

With respect to Interrogatory No. 4 (set forth in Exhibit 4 at pages 10-11 , Inland's counsel in the meet and confer expressed that the indemnification correspondence between Inland and Fiserv which was produced in Inland's initial disclosures is a sufficient response to the request. However, the current response to Interrogatory No. 4, as served on March 19, 2012, is incomplete and should necessarily be supplemented with a written response.

Inland's responses to JBTS Interrogatory Nos. 5 and 6 clearly evade giving responsive information by raising Inland's defenses. While Inland is entitled to raise the defense, Inland is not permitted to withhold discoverable information on the basis of its defense that it does not infringe. Regardless, Inland's counsel has stated on August 17 that Inland will supplement its responses after further investigation. However, Inland's repeated delays in giving any supplemental written responses demonstrates its refusal to cooperate in the discovery process. As the close of fact discovery approaches quickly, Plaintiff has little time left to deal with Inland's dilatory tactics. Plaintiff must have time to adequately prepare for depositions and claim construction. The information sought by Interrogatory Nos. 5 and 6 is important to the claims and issues raised in this case, and is well past due. Plaintiff requests Inland supplement its response immediately. The Interrogatory Nos. 5 and 6, and Inland's responses are fully set forth in Exhibit D, at pages 11-13.

## V. CONCLUSION

Inland's meager attempts at discovery fail to comport with Local Patent Rules, the Local Rules of this Court, and the Federal Rules of Civil Procedure. Plaintiff respectfully requests that the Court compel Inland to immediately produce documents responsive to Plaintiff's Document Requests and Common Interrogatories identified above, and for all such other and further relief as the Court deems proper.

Dated: October 8, 2012

Respectfully submitted,

*/s/ Maureen V. Abbey*
Maureen V. Abbey, Pro Hac Vice
HENINGER GARRISON DAVIS, LLC
220 Saint Paul Street
Westfield, NJ 07090
Tel: 908-379-8475
Fax: 205-547-5500
maureen@hgdlawfirm.com

Mark R. Miller
WEXLER WALLACE LLP
55 West Monroe, Suite 3300
Chicago, IL 60603
Tel: 312-589-6280
Fax: 312-346-0022
MRM@wexlerwallace.com

*Attorneys for Plaintiff*
*Joao Bock Transaction Systems, LLC*

## **L.R. 37.2 STATEMENT**

Plaintiff's counsel Maureen Abbey met and conferred with Inland Bank's Counsel Michael Song with Perkins Coie on Friday, August 17, 2012. Additional follow-up by Ms. Abbey to Mr. Song was sent in September (Sept. 11, 20 and 27, 2012) via electronic mail to inquire as to the status of Inland Bank's position as to identified deficiencies in its discovery responses and productions.

**CERTIFICATE OF SERVICE**

I, Maureen V. Abbey, an attorney, hereby certify that on October 8, 2012, I caused to be served the NOTICE OF MOTION with the Clerk of the Court using the CM/ECF system, which will send an electronic copy of the foregoing to counsel of record and constitutes service under Federal Rule of Civil Procedure 5(b)(2)(D) pursuant to Local Rule 5.9 of the Northern District of Illinois.

                                                  */s/ Maureen V. Abbey*
                                                  Maureen V. Abbey