**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOAO BOCK TRANSACTION SYSTEMS, LLC, | ) ) ) |
| Plaintiff, | ) Case No. 1:11-CV-06472 ) ) Honorable Harry D. Leinenweber |
| v. | ) ) JURY DEMAND |
| HINSDALE BANK & TRUST COMPANY, N.A., et al., | ) ) ) |
| Defendants. | ) |

### DEFENDANTS' REPLY IN SUPPORT OF OPPOSED MOTION TO STAY LITIGATION

Defendants American Charter Bank, Barrington Bank & Trust Company, Bridgeview Bank Group, First National Bank & Trust Company, Hinsdale Bank & Trust Company, Lake Forest Bank & Trust Company, Libertyville Bank & Trust Company, Northbrook Bank & Trust Company, and North Shore Community Bank & Trust Company (collectively "Defendants")[1] file this Reply in Support of their Motion to Stay Litigation against Plaintiff, Joao Bock Transaction Systems, LLC ("JBTS"), and respectfully show the Court as follows:

### I.     Introduction

The Court ordered Plaintiff to respond to the Motion to Stay and explain why Plaintiff was now arguing against the very relief it previously sought from the Court approximately two weeks earlier. Plaintiff's response does not answer the Court's question. Instead, Plaintiff's response is filled with unexplained contradictions of its earlier representations. Indeed, Plaintiff merely re-urges the same arguments that were already considered and rejected by the United

---

[1] All other Defendants to this action have been dismissed.

States District Court for the Middle District of Florida under virtually identical circumstances. The fact is that the reasons justifying a stay in that matter and in Plaintiff's own motion to stay continue to be applicable. As a result, this lawsuit should be stayed in its entirety.

## II. Argument

### A. This lawsuit should be stayed irrespective of the Court's claim construction ruling.

The basis for staying this lawsuit is simple and has no connection with the Court's claim-construction ruling. In particular, this matter should be stayed because the resolution of the dispute between JBTS and Defendants' upstream supplier, FIS, will render this action moot. *ThermaPure, Inc. v. Temp-Air, Inc.*, No. 10-CV-4724, 2010 U.S. Dist. LEXIS 136262, at *31-34 (N.D. Ill. Dec. 22, 2010) (holding that a stay is appropriate where the action filed against the supplier will render downstream litigation against customers moot). JBTS cited this same authority in its motion seeking a stay of this matter, and expressly represented and agreed that, "Plaintiff believes that a stay of this litigation will enable an efficient resolution between Plaintiff and Fidelity, which will ultimately resolve many of the same issues with the Illinois Defendants." (Pl.'s Mot. to Stay at 5, Dkt. No. 252.) JBTS further acknowledged and agreed with the other basis for staying this matter, i.e., "Fidelity, as the manufacturer and vendor of the Accused Products and Services, has a greater interest in the outcome of the Illinois Litigation." (*Id.* at 4.) While the Court ordered JBTS to explain in its response why its position has now changed over a very short period of time, Plaintiff failed to provide such an explanation.

Instead, JBTS's response constitutes a complete 180-degree turn without any explanation, as illustrated by the following table comparing JBTS's arguments:

| Issue | JBTS's Motion to Stay June 24, 2013 | JBTS's Response to Defendants' Motion to Stay July 24, 2013 |
|---|---|---|
| **Efficient Use of Party Resources Supports a Stay** | "The resources of the Parties will be effectively and efficiently focused and applied to litigating Fidelity directly where it is a party to the lawsuit, rather than where Fidelity is a third party to the litigation" (Mot. to Stay at 2) | "Staying the current case while Plaintiff and FIS litigate a broad range of infringing activity that is well beyond the scope of this case . . . does not serve the best interests of the parties here." (Pl.'s Resp. at 6). |
| **Resolution of the Action Between JBTS and FIS will Render this Action Moot** | "Plaintiff believes a stay of this litigation will enable an efficient resolution between Plaintiff and Fidelity, which will ultimately resolve many of the same issues with the Illinois Defendants." (Mot. to Stay at 5). | "Defendants have not sufficiently proven that staying this case will simplify the issues in question here." (Pl.'s Resp. at 8). |
| **The Same Issues are Being Litigated in the Direct Action Between JBTS and FIS** | "The Fidelity Lawsuit relates to patent infringement by Fidelity of the '270 patent. . . . Validity of the patents-in-suit will also be addressed and resolved in the Fidelity Lawsuit." (Mot. to Stay at 4) | "The FIS Case relates to a different patent and focuses upon infringement of FIS's products and services it makes, offers, sells, and other distributes [sic] to customers in the United States." (Pl.'s Resp. at 5). |
| **FIS Provides the Accused Products and Services at Issue Here** | "Fidelity designs, develops, manufactures, installs, and sells the Accused Products and Services that have been identified and litigated in this case." (Mot. to Stay at 4.) | "Although there may be some overlap in a few services alleged to infringe between the two cases, the similarities stop there." (Pl.'s Resp. at 5). |
| **Because the Primary Dispute is Between JBTS and FIS, a Stay is Warranted** | "The case should be stayed because the primary dispute is now between Plaintiff and Fidelity." (Mot. to Stay at 5). | "Staying this Case for the FIS Case will result in delays and excessive and additional litigation concerning the products and service in issue here." (Pl.'s Resp. at 9-10). |

The arguments that Plaintiff is now making, however, have already been considered and rejected by the United States District Court for the Middle District of Florida (the "Florida Court"). Agreeing with the Florida Court, JBTS filed its motion to stay.

Notably, JBTS's current representation that this matter is now further along than the Florida action and presents changed circumstances is simply not accurate. The Florida action was actually filed before this suit, and at the time that matter was stayed, it had been pending for 26 months, the parties had served invalidity and infringement contentions, engaged in deposition practice, and were preparing to make expert disclosures. (JBTS's Original Compl. for Patent Infringement, a true and correct copy is attached hereto as Ex. A; Florida Court's Scheduling Order of 2/22/13, a true and correct copy is attached hereto as Ex. B; Rankin Decl. ¶ 3-4, a true and correct copy is attached hereto as Ex. C). The only reason a claim-construction ruling was not made there is because the Florida Court does not allow early briefing on that issue. Rather, any construction disputes are resolved at the time dispositive motions are considered. (Florida Ct.'s Scheduling Order of 2/22/13, Ex. B.) Thus, it is against that procedural back drop that the Florida Court made the following determinations in response to the same arguments JBTS now makes to this Court:

- "Under the customer-suit exception, even though a customer of the manufacturer of the alleged infringing product is sued first, the later filed manufacturer suit is given preference. *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990)." (Ct.'s Order at 5; Ex. B to Def.'s Mot. to Stay, Dkt. No. 259).

- "The same issues being litigated here are being litigated in the Jacksonville Action [referring to the suit between JBTS and FIS]." (*Id.* at 6).

- "Plaintiff also argues this case involves fewer and narrower issues than those involved in the Jacksonville Action and that a stay would unjustifiably delay resolution of Plaintiff's patent rights in this case. *The Court finds Plaintiff's arguments unpersuasive*." (*Id.*) (emphasis added).

- "Plaintiff's argument that the case at bar presents fewer and narrower issues than the Jacksonville Action does not refute the fact that the same issues relating to the '270 patent at issue here are being litigated in the Jacksonville Action between the parties the law deems best suited to resolve them: the claimed patentee and the alleged manufacturer/distributor." (*Id.* at 7).

Plaintiff's arguments are no more persuasive today than they were then, and, as JBTS represented to the Court approximately one month ago, "The Same Rationale Applied in the Florida Lawsuit *Dictates* that this Case be Stayed." (Pl.'s Mot. to Stay at 5, Dkt. No. 252) (emphasis added).

### C. Staying this lawsuit would preserve, not waste, judicial resources.

Plaintiff now argues that this matter should not be stayed because it would waste the resources already expended by the parties and the Court. In particular, JBTS points to the fact that this suit has been pending for 22 months and the Court recently issued a claim-construction ruling. Interestingly, Plaintiff did not have this concern on June 24, 2013, when this matter had been pending for 21 months and claim construction briefing had been closed for seven months. And again, the Florida Court stayed an identical action brought by JBTS that had been pending for 26 months and was further along substantively than this matter. JBTS's temporal argument is unavailing in this context. Indeed, the *Fujitsu Limited v. Tellabs Operations, Inc.*, opinion principally relied upon by JBTS does not support its new contradictory position.

In *Fujitsu v. Tellabs*, Tellabs sought a stay of the litigation with respect to one of five patents asserted pending the conclusion of an ongoing reexamination proceeding before the United States Patent Office. No. 08-CV-3379, 2012 U.S. Dist. LEXIS 38741, at *20-22 (N.D. Ill. March 21, 2012). Tellabs argued that a stay was appropriate because the parties would be further informed about the number and scope of the asserted claims after the reexamination. The court denied the stay, reasoning that the reexamination could take years to complete and would not dispose of the parties' disputes. *Id.* at *23-26. The court further held that "motions to stay *pending reexamination*" were routinely denied where fact discovery or claim construction had been completed. *Id.* at *24 (emphasis added).

The circumstances and legal authority governing here are entirely different from those at issue in *Fujitsu*. Principally, a stay is appropriate here because it fits squarely within the customer-suit-exception. *See Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990); *ThermaPure, Inc.*, 2010 U.S. Dist. LEXIS 136262, at *31-34. As the Florida Court determined, the law deems that JBTS and FIS are the parties best suited to resolve these disputes. (Ct.'s Order at 7, Ex. B to Def.'s Mot. to Stay, Dkt. No. 259.) Furthermore, the patents-in-suit are not the subject of an ongoing reexamination. Unlike a reexamination proceeding, which carries no guarantee of disposing of any portion of the ongoing litigation, there will be nothing left to litigate in this action once the disputes between JBTS and FIS are resolved in the Florida action, regardless of the outcome. JBTS has simply not articulated any factual or legal argument that warrants the continued litigation of this matter.

Lastly, JBTS's recent concern for the conservation of judicial resources is belied by its own actions. For example, JBTS currently accuses parties of infringing the '270 patent in four separate jurisdictions: *JBTS v. Scottrade, Inc.*, Cause No. 4:13-CV-01254, in the United States District Court for the Eastern District of Missouri; *JBTS v. OptionsHouse, LLC*, Cause No. 1:13-CV-02394, in the United States District Court for the Northern District of Illinois; *JBTS v. Charles Schwab & Co., Inc.*, 5:13-CV-00693, in the United States District Court for the Northern District of California; and *JBTS v. FIS*, 3:13-CV-223, in the United States District Court for the Middle District of Florida. Presumably, claim-construction issues will be briefed and heard in each of those matters. In fact, JBTS has requested such claim-constructed briefing and a *Markman* hearing in the direct action pending against FIS. (Joint Case Management Report at 9-10, a true and correct copy is attached hereto as Ex. D.) Those efforts will be undertaken on behalf of the parties and courts presiding over those actions regardless of whether this matter is

stayed. Contrary to JBTS's self-serving and contradictory arguments, the only way to actually preserve party and judicial resources at this point is to stay this matter such that the parties are not required to engage in unnecessary fact discovery (no depositions have been taken in this matter), expert discovery, motion practice, and beyond.

### D. Plaintiff should not be rewarded for its improper litigation tactics.

The fact that this action has been pending longer than the direct action against FIS is a product of JBTS's calculated litigation strategy. As JBTS expressly represented, and as Defendants make clear in their motion, JBTS, given its extensive history of litigation, fully understands that the primary dispute is with the supplier, not the customers. (*See* Pl.'s Mot. to Stay at 5, Dkt. No. 252.) JBTS also cannot deny that it understood FIS's role in this matter at least as of July 2012, when JBTS issued a subpoena to FIS, requesting that FIS disclose, among other things, when the "FIS Accused Product and Service" was provided to Defendants. (Subpoena from JBTS to FIS of 7/13/12, a true and correct copy of which is attached hereto as Ex. E.) JBTS waited almost another year, however, before bringing suit against FIS. JBTS is a sophisticated litigant with experienced counsel. Its determination to spread these matters out over time and across jurisdictions can only be viewed as intentional and done for the purpose of increasing litigation costs for its opponents. JBTS cannot now be permitted to hide behind the fact that the FIS lawsuit not as far along to defeat a proper motion to stay. Rather, Defendants' motion should be granted and this action should be stayed in its entirety.

WHEREFORE, Defendants respectfully requests that the Court grant this Motion to Stay Litigation, enter an order staying this matter in its entirety until the lawsuit styled *Joao Bock Transaction Systems, LLC v. Fidelity National Information Services, Inc.,* Cause No. 3:13-CV-223-MMH-JRK, in the United States District Court for the Middle District of Florida,

Jacksonville Division is dismissed with prejudice or a final non-appealable judgment is entered therein, which ever happens first, and grant Defendants all other relief to which they are entitled.

Dated: July 31, 2013

By:  */s/ Bart Rankin*
David I. Roche
Email: david.i.roche@bakermckenzie.com
Edward K. Runyan
Email: edward.k.runyan@bakermckenzie.com
Daniel A. Tallitsch
Email:  daniel.a.tallitsch@bakermckenzie.com
BAKER & MCKENZIE LLP
300 East Randolph St., Ste. 5000
Chicago, IL 60601
Tel:  312-861-8811
Fax:  312-861-2899


Bart Rankin (admitted *pro hac vice)*
Email: bart.rankin@bakermckenzie.com
Terry A. Saad (admitted *pro hac vice*)
Email:  terry.saad@bakermckenzie.com
BAKER & MCKENZIE LLP
2001 Ross Ave., Ste. 2300
Dallas, TX 75201
Tel:  214-978-3000
Fax:  214-978-3099

AMERICAN CHARTERED BANK, BRIDGEVIEW BANK GROUP, BARRINGTON BANK & TRUST COMPANY N.A., HINSDALE BANK & TRUST COMPANY, LAKE FOREST BANK AND TRUST COMPANY, LIBERTYVILLE BANK & TRUST COMPANY, NORTH SHORE COMMUNITY BANK & TRUST COMPANY, and NORTHBROOK BANK AND TRUST COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of July 2013, Defendants' Reply in Support of Opposed Motion to Stay Litigation was served on all counsel of record via e-mail.

/s/ Bart Rankin

725201-v2\DALDMS