**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **JOAO BOCK TRANSACTION SYSTEMS, LLC,** | ) | |
| | ) | |
| | ) | **Case No. 1:11-CV-06472** |
| **Plaintiff,** | ) | |
| | ) | **Honorable Harry D. Leinenweber** |
| **v.** | ) | |
| | ) | **JURY DEMAND** |
| **HINSDALE BANK & TRUST COMPANY, N.A., et al.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**<ins>DEFENDANTS' MOTION FOR PROTECTIVE ORDER</ins>**

Defendants American Charter Bank, Barrington Bank & Trust Company, Bridgeview Bank Group, First National Bank & Trust Company, Hinsdale Bank & Trust Company, Lake Forest Bank & Trust Company, Libertyville Bank & Trust Company, Northbrook Bank & Trust Company, and North Shore Community Bank & Trust Company (collectively "Defendants")[1] file this Motion for Protective Order against Plaintiff, Joao Bock Transaction Systems, LLC ("JBTS"), and respectfully show the Court as follows:

## I.     PRELIMINARY STATEMENT

Discovery is not to be used as a vehicle for harassment, to be unduly burdensome, or to needlessly drive up the costs of litigation. Yet, JBTS continues to propound discovery in this manner. JBTS sought to stay this litigation only two months ago, and represented to the Court, that Defendants "have little to no knowledge regarding the technical and functional operations of the Accused Products and Services." (Pl.'s Mot. To Stay at 3, Ex. A). Yet now, JBTS has notified Defendants that it intends to pursue the very discovery it thought fruitless and

---

[1] All other Defendants to this action have been dismissed.

unnecessary only two months ago, and will move to compel discovery in the absence of Defendants' agreement (Abbey Email of 8/26/13, Ex. B).

Defendants' Motion to Stay Litigation—that is based on the very arguments made by JBTS in its own Motion to Stay—is currently pending, and seeks the most effective and efficient resolution to the parties' dispute. A stay of the litigation will focus the dispute on the real parties-in-interest, JBTS and Fidelity National Information Services, Inc. ("FIS"). And further, a stay of the litigation will mitigate unnecessary and expensive discovery of FIS's customer-Defendants. In JBTS's own words, "[t]he case should be stayed because the primary dispute is now between Plaintiff and Fidelity." (Pl.'s Mot. To Stay at 5, Ex. A.) Thus, JBTS agrees that the parties' disputes are properly focused in the pending litigation between JBTS and FIS, *Joao Bock Transaction Systems, LLC v. Fidelity National Information Services, Inc.*, Case No. 3:13-CV-002230 (M.D. FL). The discovery it continues to seek from Defendants in this litigation can be for no reason other than to harass and unnecessarily drive up litigation costs. Accordingly, Defendants seek this protective order from the Court and requests that all discovery be stayed until a decision on Defendants' Motion to Stay Litigation is issued.

## II.      RELEVANT FACTUAL BACKGROUND

On June 24, 2013, JBTS filed a motion to stay with this Court, requesting that this lawsuit be stayed in its entirety "pending resolution of the Fidelity Lawsuit." (Pl.'s Mot. to Stay at 5, Ex. A.) In that motion, JBTS expressly represented that the real-party-in interest is FIS, and that the same products and patent at issue here were being litigated in a separate action brought directly by JBTS against FIS in the United States District Court for the Middle District of Florida, Jacksonville Division (the "Florida Action"). (*Id.* at 3-4, Ex. A.) Indeed, JBTS argued to the Court that "the resources of the parties will be effectively and efficiently focused and

applied to litigating Fidelity directly where it is a party to the lawsuit, rather than where Fidelity is a third party to the litigation." (*Id.* at 2, Ex. A.) Further, as JBTS acknowledges, moving forward with this lawsuit would be futile because Defendants "have little to no knowledge regarding the technical and functional operations of the Accused Products and Services." (*Id.* at 3, Ex. A.)

Consistent with Plaintiff's previous representations, discovery is ongoing in the Florida Action. JBTS and FIS have both served requests for production and interrogatories, and the responses to those are due on September 11th and 16th, respectively. (Pl.'s First Req. for Produc. of Docs. and First Set of Interrogs., true and correct copies of which are attached hereto as Ex. C; FIS's First Req. for Prod. of Docs. and First Set of Interrogs., true and correct copies of which are attached hereto as Ex. D.) Further, FIS has issued deposition notices to JBTS, seeking to take JBTS's individual and corporate depositions during the first two weeks of October 2013. (FIS's Notices of Dep. to JBTS, true and correct copies of which are attached hereto as Ex. E.) As a result, the Florida Action will very soon be further along than this matter from a discovery standpoint.

After the discovery was served in the Florida Action, JBTS, in continued self-contradiction, demanded that Defendants in this matter immediately make its witnesses available for multiple 30(b)(6) depositions. (Abbey Email of 8/19/13, a true and correct copy is attached hereto as Ex. F). Defendants informed JBTS of its position that the most efficient course of action is to wait for a ruling on Defendants' Motion to Stay before proceeding in potentially unnecessary discovery. JBTS then notified Defendants of its intent to move the Court to compel the discovery sought from Defendants, notwithstanding Defendants' pending motion to stay. (Abbey Email of 8/26/13, a true and correct copy is attached hereto as Ex. B). To avoid any

further waste of resources that would necessarily occur by going forward with depositions in this matter, Defendants bring this motion for protective order.

### III. ARGUMENTS AND AUTHORITIES

Under Federal Rule of Civil Procedure 26, discovery will not be allowed if it is unduly burdensome, expensive, or sought for purposes of annoyance or oppression. Fed. R. Civ. P. 26(b)(2) & (c)(1). As the Federal Circuit has recognized, the potential for discovery abuse is ever present in circumstances identical to those present here, and courts are authorized to properly limit requests to that which is proper and warranted under the circumstances of the case. *Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed. Cir. 1993). Indeed, in the related case *Joao Bock Transaction Systems, LLC v. USAmeriBank* brought by JBTS against another set of FIS's customers, the court properly stayed discovery while it considered the motion to stay filed by that set of customers. *Joao Bock Transaction Systems, LLC v. USAmeriBank*, No. 8:11-CV-887 (M.D. Fla. April 26, 2013) (order staying discovery pending resolution of motion to stay) (a true and correct copy is attached as Ex. G).

Specifically, and under virtually identical circumstances now present, JBTS had moved to compel discovery from defendants and third-party FIS in *Joao Bock Transaction Systems, LLC v. USAmeriBank*. At the same time, the defendants in that matter had moved to stay the lawsuit for the same reason a stay is appropriate in this matter. To relieve the parties of the expense and burden of conducting potentially unnecessary discovery, the court issued an order staying all discovery pending resolution of Defendants' motion to stay litigation. *Joao Bock Transaction Systems, LLC v. USAmeriBank*, No. 8:11-CV-887 (M.D. Fla. April 26, 2013) (order staying discovery pending resolution of motion to stay, Ex. G.) The order to stay the litigation

was subsequently entered by the court, and the unnecessary and wasteful discovery sought by JBTS was properly avoided.

Plaintiff is now trying the same tactic here of seeking to compel discovery, knowing that the Court will soon be making a decision that would officially render such discovery and the associated expense unnecessary. Plaintiff's conduct is particularly egregious in this case because it has admitted in previous representations to the Court that Defendants "have little to no knowledge regarding the technical and functional operations of the Accused Products and Services." (Pl.'s Mot. To Stay at 3, Ex. A). In view of that fact, Plaintiff's actions can only be described as done for the purpose of annoyance, oppression, and improperly driving up litigation costs. *See* Fed. R. Civ. P. 26(b)(2) & (c)(1). Because such conduct is improper, all discovery in this matter should be stayed until the Court determines Defendants' Motion to Stay Litigation. *See id.*; *Katz*, 984 F.2d at 424; *Joao Bock Transaction Systems, LLC v. USAmeriBank*, No. 8:11-CV-887 (M.D. Fla. April 26, 2013) (order staying discovery pending resolution of motion to stay, Ex. G).

## IV.   <u>CONCLUSION AND PRAYER</u>

JBTS seeks to harass Defendants through discovery that is of little relevance and may be rendered unnecessary in its entirety if the Court grants Defendants' Motion to Stay Litigation. FIS is the focus of JBTS's allegations and the separate action against FIS is the proper forum for resolution of the dispute between the parties. Discovery is ongoing in that matter and will soon surpass this suit in that regard. As such, JBTS has admitted to the futility of continuing this action against Defendants. Because JBTS cannot justify seeking discovery from Defendants and FIS in the face of a potential stay of this litigation, discovery should be stayed accordingly.

WHEREFORE, Defendants respectfully request that a protective order be entered precluding the parties from engaging in discovery until the Court has resolved Defendants' Motion to Stay Litigation, and that Defendants be granted all other relief to which they are entitled.

Dated: August 30, 2013.      By:   */s/ Bart Rankin*_____

David I. Roche
Email: david.i.roche@bakermckenzie.com
Edward K. Runyan
Email: edward.k.runyan@bakermckenzie.com
Daniel A. Tallitsch
Email: daniel.a.tallitsch@bakermckenzie.com
BAKER & MCKENZIE LLP
300 East Randolph Street, Suite 5000
Chicago, IL 60601
Tel: 312-861-8811
Fax: 312-861-2899


Bart Rankin (admitted *pro hac vice*)
Email: bart.rankin@bakermckenzie.com
Terry A. Saad (admitted *pro hac vice*)
Email: terry.saad@bakermckenzie.com
BAKER & MCKENZIE LLP
2001 Ross Ave., Ste. 2300
Dallas, TX 75201
Tel: 214-978-3000
Fax: 214-978-3099


AMERICAN CHARTERED BANK, BRIDGEVIEW
BANK GROUP, BARRINGTON BANK & TRUST
COMPANY N.A., HINSDALE BANK & TRUST
COMPANY, LAKE FOREST BANK AND TRUST
COMPANY, LIBERTYVILLE BANK & TRUST
COMPANY, NORTH SHORE COMMUNITY BANK
& TRUST COMPANY, and NORTHBROOK BANK
AND TRUST COMPANY

## CERTIFICATE OF CONFERENCE

I hereby certify that on the 26th day of August 2013, the undersigned conferred with Plaintiff's counsel Maureen Abbey regarding the substance of this motion and the relief sought herein. After that discussion, Plaintiff's counsel informed the undersigned that discovery should proceed in this matter, notwithstanding the pending motion to stay. Accordingly, this motion is being filed as opposed.

/s/ Bart Rankin

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of August 2013, Defendants' Motion for Protective Order was served on all counsel of record via e-mail.

/s/ Bart Rankin