**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

JOAO BOCK TRANSACTION SYSTEMS, LLC,

                      **Plaintiff,**

        **v.**

FIRST NATIONAL BANK, *et al.*,

                 **Defendants.**

**Case No. 11 C 6472**

**Hon. Harry D. Leinenweber**

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendants American Charter Bank, Barrington Bank & Trust Company, Bridgeview Bank Group, First National Bank & Trust Company, Hinsdale Bank & Trust Company, Lake Forest Bank & Trust Company, Libertyville Bank & Trust Company, Northbrook Bank & Trust Company, and North Shore Community Bank & Trust Company's Motion to Stay. For the reasons stated herein, the Motion is granted.

### I.  BACKGROUND

The Court presumes familiarity with its June 24, 2013 Opinion and therefore provides only a brief summary of the facts surrounding this patent dispute.

Plaintiff Joao Bock Transactions Systems, LLC ("Joao Bock") contends that Defendants Barrington Bank & Trust Company N.A., American Chartered Bank, Bridgeview Bank Group, Citizens First National Bank, Northbrook Bank and Trust Company f/k/a First

Chicago Bank & Trust Company, Hinsdale Bank & Trust Company, Lake Forest Bank and Trust Company, Libertyville Bank & Trust Company, and North Shore Community Bank & Trust Company's (hereinafter, collectively, "Defendants") are infringing upon Plaintiff's United States Patent No. 6,047,270 (the "'270 Patent") entitled "Apparatus and Method for Providing Account Security."

The '270 Patent was issued on April 4, 2000. It is a continuation-in-part of three other patent applications (No. 09/169,053, No. 08/873,945 & No. 08/694,199) and relates to methods and systems that provide electronic account security.

In early 2013, the parties completed claim construction briefing. On June 24, 2013, the Court issued its opinion construing the contested claims. *See,* ECF No. 255. On the same day, (presumably before the Court's opinion was issued), Joao Bock filed a Motion to Stay the litigation. *See,* ECF No. 252. In the Motion, Plaintiff informed the Court of a related lawsuit in the Middle District of Florida against Fidelity National Information Services, Inc. ("Fidelity") and argued that this case should be stayed because Fidelity provides Defendants the products and services at issue and would be indemnifying Defendants in this case. In the Motion, Joao Bock also informed the Court that it was unaware of Fidelity's relationship with Defendants at the time it filed this action. Plaintiff thus requested that the Court stay this case so it could focus its resources and efforts on litigating

the case where Fidelity was an actual party to the lawsuit. Plaintiff's Motion was set to be presented on June 27, 2013. *See,* ECF No. 253.

On June 25, 2013, Defendants filed a Notice of Non-opposition to Plaintiff's Motion to Stay. *See,* ECF No. 256. Hours later, however, Plaintiff withdrew its Motion. *See,* ECF No. 258.

After learning of Plaintiff's change of heart, Defendants filed their own Motion to Stay. In that Motion, Defendants raised arguments nearly identical arguments to those Plaintiff made in its original motion. Defendants pointed out that a motion to stay is appropriate since the resolution of the suit against Fidelity would resolve this case entirely.

Incredibly, Joao Bock now opposes the issuance of a stay. It now argues that this case will "streamline the recently-filed FIS [Fidelity] Case in Florida." Pl.'s Resp. to Defs.' Mot. to Stay at 2.

Defendants' Motion to Stay is now fully briefed and ripe for review.

## II. <u>LEGAL STANDARD</u>

"[A] District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones,* 520 U.S. 681, 706 (1997); *see also, Radio Corp. of America v. Igoe,* 217 F.2d 218, 220 (7th Cir. 1955) ("The power to stay proceedings is incidental to the power inherent in every court to

control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). A stay is appropriate particularly if the resolution of litigation in another court between the same and/or related parties involves controlling issues in the case before the Court. *Card Activation Techs. v. Pier 1 Imps., Inc.*, No. 09-CV-2021, 2009 U.S. Dist. LEXIS 83107 at *5 (N.D. Ill. Sept. 14, 2009) (citing *Aetna State Bank v. Altheimer*, 430 F.2d 750, 755 (7th Cir. 1970)). In determining whether a stay is appropriate the Court considers "(I) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (ii) whether a stay will simplify the issues in question and streamline the trial; and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Pfiizer v. Apotex, Inc.*, 640 F.Supp.2d 1006, 1007 (N.D. Ill. 2009).

## III. DISCUSSION

Defendants argue that a stay is warranted pursuant to "customer-suit" exception. Joao Bock fails to address the "customer-suit" exception and instead argues that a stay will be a waste of the Court's resources and will prejudice Plaintiffs. Defendants have the better argument.

Typically, when duplicative actions are filed in federal court, "the general rule favors the forum of the first-filed suit." *Schwarz v. Nat'l Van Lines, Inc.,* 317 F.Supp.2d 829, 832 (N.D. Ill. 2004). However, this presumption is not without exception.

*Pfiizer,* 640 F.Supp.2d at 1008. Indeed, the Seventh Circuit explains that "[n]o mechanical rule governs the handling of overlapping cases," and therefore "the judge hearing the second-filed case may conclude that it is a superior vehicle and may press forward." *Blair v. Equifax Check Servs., Inc.,* 181 F.3d 832, 838 (7th Cir. 1999).

The customer-suit exception is an exception to the first-to-file rule. The exception gives a manufacturer's patent infringement action against its customers preferential treatment over a patent owner's earlier filed suit against the customers. *Tegic Commc'ns Corp. v. Bd. of Regents of Univ. of Texas Sys.,* 458 F.3d 1335, 1343 (Fed. Cir. 2006). When evaluating the applicability of the customer-suit exception, the Court's primary focus turns to whether "the issues and parties are such that the disposition of one case would be dispositive of the other." *Katz v. Siegler,* 909 F.2d 1459, 1463 (Fed. Cir. 1990).

Here, Plaintiff concedes that Defendants are customers of Fidelity. *See* Pl.'s Mot. to Stay at 1-2. While Plaintiff argues that the Florida case against Fidelity is not "related to the current action because it involves a different patent and many different services . . .", this is simply untrue. *Id.* at 3. Indeed, Plaintiff contradicts its own argument by acknowledging (in a footnote), that the '270 Patent has been inserted into the Florida case against Fidelity through Fidelity's counterclaims.

Accordingly, the Court rejects Plaintiff's argument that the patents-in-suit are different.

The Court finds Plaintiff's argument regarding the differences in parties equally unavailing. It is undisputed that Defendants are customers of Fidelity who will be indemnifying Defendants in this action. Thus, a resolution in favor of Fidelity in Florida would release Defendants of liability here. *See, Whelen Techs., Inc. v. Mill Specialties, Inc.*, 741 F.Supp. 715, 716 (N.D. Ill. 1990). In other words, the Court finds the customer suit exception applicable.

Additional support lies in the fact that another district court in Florida (a second case Plaintiff filed in Tampa, Florida) issued a stay when faced with the exact same issue. *See, Joao Bock Transaction Systems, LLC v. USAmeriBank, et al.*, No. 8:11-CV-887-T35-TGW, (M.D. Fl. June 5, 2013); Def.'s Mot. to Stay Ex. B, ECF No. 259-2, Page ID#1322. In that case, Joao Bock sued a number of financial institutions alleging infringement upon the '270 Patent. The defendants there moved to stay, arguing that the customer-suit exception supported a stay. *See,* Def.'s Mot. to Stay Ex. B, ECF No. 233, Page ID# 1322. In granting the motion, the court determined that customer-suit exception was applicable because Fidelity supplies defendants the products Joao Bock alleged were infringing upon the '270 Patent. This fact meant that the

Jacksonville, Florida case would resolve the issues being litigated in Tampa, Florida and thus warranted a stay. *Id.* at Page ID# 1325.

The facts here are analogous. The only difference Joao Bock points to as distinguishable is the fact that this Court has issued an Opinion construing the parties contested claims. Plaintiff fails to provide any support why this somehow makes the customer-suit exception any less applicable. There is simply no denying that the resolution of the Jacksonville, Florida case will resolve the issues here. It is therefore in the interest of judicial economy for a stay to be issued. As such, the Court grants Defendants' Motion and stays the instant case pending the resolution of the Jacksonville, Florida action against Fidelity.

## IV.   CONCLUSION

For the reasons stated herein, Defendants' Motion to Stay [ECF No. 259] is granted.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Date: September 10, 2013

- 7 -